JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH II, CASB No.143694
joe.walsh@kyl.com
JOHN C. COX, CASB NO.158100
john.cox@kyl.com
NICOLE.BUSSI, CASB No. 252763
nicole.bussi@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant and Counterclaimant REGAL STONE, LTD., *in personam,*

BRUCE A. BEHRENS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
KARL SCHMIDT, Assistant Chief Counsel
G. MICHAEL HARRINGTON
BELVIN K. SMITH
WM. DAVID SULLIVAN CASB No. 142881
PATRICK PETERSEN CASB No. 232639
patrick_petersen@dot.ca.gov
595 Market Street, Suite 1700, San Francisco, CA 94105
Mail: P.O. Box 7444, San Francisco, CA 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

Attorneys for THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH THE DEPARTMENT OF TRANSPORTATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the DEPARTMENT OF TRANSPORTATION,<br><br>Plaintiff, | ) Case No. C 08 02268 (SC)<br>)<br>) IN ADMIRALTY<br>)<br>)<br>) **PROPOSED CASE MANAGEMENT**<br>) **PLAN AND PROPOSED ORDER**<br>) |

KYL_SF464250

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER – Case No. C 08 02268 (SC)

| | | |
|---|---|---|
| vs. | ) | DATE: July 25, 2008 |
| REGAL STONE LIMITED, HANJIN SHIPPING CO., LTD., CONTI CAIRO KG, NSB NEIDERELBE, SYNERGY MARITIME, LTD., *in personam* M/V COSCO BUSAN, *in rem*, | ) ) ) ) ) ) | TIME: 10:00 a.m. JUDGE: Hon. Samuel Conti |

                Defendants.

REGAL STONE, LTD.,

                Counter-Claimant,

      vs.

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the DEPARTMENT OF TRANSPORTATION,

                Counter-Defendant.

## MEETING

Pursuant to the Court's Order, the following parties and their representatives conferred on July 17, 2008:

    A.    **Appearing on behalf of Plaintiff State of California, acting by and through the Department of Transportation ("State of California"):**

WM. David Sullivan, Patrick Petersen, Department of Transportation.

    B.    **Appearing on behalf of Defendant Regal Stone Limited (Regal Stone):**

John D. Giffin, Joseph A. Walsh II, John C. Cox, Nicole S. Bussi, Keesal Young & Logan.

**JURISDICTION AND SERVICE**

**Jurisdiction**:

The State of California brought this suit and has alleged jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1367.

**Service**:

Plaintiff State of California is in the process of serving the remaining defendants.

**Counterclaims**:

In conjunction with their Answer to the State of California's Complaint, Regal Stone filed a counter-claim against the State of California for its role in causing and/or contributing to the Incident. The State of California has not yet filed its Answer to the counter-claim and in fact the parties have agreed by stipulation that a response is not due until August 5, 2008.

The State of California's counter-claims are being addressed by the Office of the Attorney General. Plaintiff has contacted the Office of the Attorney General regarding this Case Management Plan. The Attorney General did not want to comment or commit at this juncture because they are not a party.

In addition, in the related case, *United States v. Regal Stone, et al.*, Case No. C 07 06045 (SC), Regal Stone also asserted a claim by the United States against the State of California pursuant to FRCP 14(c) requiring the latter to respond as if it had been sued directly by the United States.

II.  FACTS

On November 7, 2007, the Hong Kong-registered container ship, Cosco Busan, allided with the fender system at the base of the Delta tower of the San Francisco–Oakland Bay Bridge (Bay Bridge). Contact with the bridge tower created a 220-foot-long by 14-foot-high by 8-foot-deep tear in the forward port side of the ship breaching two fuel tanks. As a result of the breached fuel tanks, about 53,500 gallons of fuel oil were released into San Francisco Bay. ("Incident") This action and counterclaim arise out of that allision and resulting claims for damages to the bridge fender system and vessel, and for oil spill response costs and other related damages arising from the Incident.

California has a compulsory system of pilotage for the San Francisco Bay and its related waters. Under that system, the M/V COSCO BUSAN was required to accept a pilot licensed and assigned by the State of California. Regal Stone generally alleges in

its counter-claim that the State negligently issued and renewed the pilot license of Pilot John J. Cota who was navigating the vessel at the time of the allision. Regal Stone asserts that the COSCO BUSAN oil spill was proximately caused by the State's failure to use due care in its licensing, supervision and training of Pilot Cota. Regal Stone claims entitlement to contribution, indemnification, for its costs, damages, losses and penalties they have incurred as a result of the State's negligence.

Defendant Regal Stone alerts the Court to a developing issue involving its dealings with the State of California. This action was initiated by the State of California, "acting by and through" the Department of Transportation. Yet, there are several other State agencies involved in many issues relating to causation and damages arising from the Incident. Along with filing its answer to the complaint in this action, Defendant Regal Stone filed a compulsory counter claim against the State based on the negligence and acts of the State acting through Board of Pilot Commissioners for the Bays of San Francisco, San Pablo and Suisan ("Board of Pilot Commissioners") Other agencies of the State are also involved in other aspects including for example, the assessment of damage to natural resources. Defendant Regal Stone asserts that the State must necessarily include all of its claims relating to or arising from the Incident in this action. Otherwise, Regal Stone potentially faces a litigant which is splitting causes of action and risks multiple actions by the same party relating to and arising from the same transaction and occurrence.

In signing this Case Management Plan, none of the parties admit, nor shall they be deemed to have admitted, any allegations of the others and, conversely, each party reserves any and all claims, rights, denials, and defenses as may be set out by way or answer, responsive pleading, and/or motion.

III.    LEGAL ISSUES

**State of California's Position:**

The position of Plaintiff State of California, acting through the Department of Transportation, is that Defendant Stone's vessel allided with the State's bridge fender

system, through no fault of the State, and Defendant is therefore liable for all of the damages to the bridge fender system and resulting costs.

**Defendant Regal Stone's Position:**

The position of Defendant Regal Stone is that the State of California is liable for their proportionate share of all damages and costs resulting from the Cosco Busan allision. Regal Stone seeks contribution, indemnity, setoff and recoupment.

Regal Stone alerts the Court to legal issues involving the State's Eleventh Amendment waiver by initiating this action. Moreover, Regal Stone asserts that the State cannot split causes of action and must bring all claims arising out of the same transaction and occurrence in this same action.

IV.   MOTIONS

The parties are in general agreement that this action, including discovery, like the related actions, should be stayed until criminal proceedings pending against Pilot John J. Cota ("Pilot Cota"), have been concluded. Trial against Pilot Cota is currently set for October 20, 2008.

However, in order to effectively proceed, Regal Stone plans to file motion to consolidate this action with the related case *United States v. Regal Stone et al.*, 3:2008-cv-06045-SC during the proposed stay.

V.   AMENDMENT OF PLEADINGS

**State of California's Position:**

Plaintiff State of California may amend its complaint in response to Defendant Regal Stone's amended answer.

**Defendant Regal Stone's Position:**

Defendant Regal Stone intends to amend its answer and counter-claim against the State of California to address concerns raised by the State. It may also add causes of action, name doctors hired by the State of California to approve the Pilot's medical

qualifications, and possibly add other indispensable parties if necessary.

## VI. EVIDENCE PRESERVATION

The parties assert that the Federal Rules of Civil Procedure, specifically 26(f) and this District Court's Standing Order effective since March 1, 2007 are sufficiently adequate and should be followed over the modified approach suggested by the Government. The parties advise that they have taken and will continue to take appropriate steps to preserve relevant evidence.

## VII. LITIGATION AND INITIAL DISCLOSURES

The parties believe that this is a complex case, but do not believe that the procedures of the Manual for Complex Litigation should be utilized.

This action should be consolidated with *United States v. Regal Stone, Ltd. et al.*, No. 3:07-06045. The parties also believe that in light of current criminal proceedings against Pilot Cota, a co-defendant in several related actions, that the instant litigation be stayed, and in the interest of efficiency and judicial economy, that a proposed detailed case management be submitted to the Court after the stay of this litigation is no longer in effect. To the extent possible such a plan will be coordinated (if not consolidate) with the related action, *United States v. Regal Stone, Ltd. et al.*, No. 3:07-06045.

The parties intend that such future case management order shall include a phased approach to litigation. The parties further intend that initial disclosures to the extent not yet made, fact and expert discovery, and trials shall be conducted during the appropriate phase. The specific requirements shall be determined in the future case management order.

## VIII. DISCOVERY AND FACTS

The parties believe that in light of their proposal that the instant litigation be stayed, and in the interest of efficiency and judicial economy, that a proposed detailed case management plan concerning discovery and related matters be submitted to the

Court after the stay of the litigation is not longer in effect.

The parties intend that such future case management order shall include a phased approach to litigation. The parties further intend that initial disclosures to the extent not made, fact and expert discovery, and trials shall be conducted during the appropriate phase. The specific requirements shall be determined in the future case management order.

### IX.   CLASS ACTIONS

Not applicable to the present action, C07-6045 SC, but see section X below with respect to Chelsea, LLC v. Regal Stone, Ltd. et al, Civil Action No. 07-5800.

### X.   RELATED CASES

*Chelsea, LLC et al v. Regal Stone, Ltd. et al.*, Civil Action No. 07-5800; and

*Shogren Living Trust. et al v. Regal Stone. Ltd. et al.* Civil Action No. 3:07-5926.

*The Continental Insurance Co. v. Regal Stone, Ltd. et al.*, No. 3:08-2052

*United States v. Regal Stone, Ltd. et al.*, No. 3:07-06045

### XI.   RELIEF

**State of California's Position:**

Plaintiff State of California prays for compensatory damages and costs.

**Defendant Regal Stone's Position:**

Defendant Regal Stone generally denies that it is liable to the State of California as claimed.

Defendant Regal Stone seeks damages, in forms of contribution, indemnification, recoupment and set-off for costs, damages, and other losses from the State of California and any additional relief Defendants are entitled to by law or in equity.

XII. SETTLEMENT AND ADR

The parties have not participated in ADR. An ADR stipulation has been submitted. The parties have indicated mediation to commence approximately 18 months after the conclusion of criminal proceedings.

XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to utilizing a magistrate judge.

XIV. OTHER REFERENCES

None

XV. NARROWING OF ISSUES

**State of California's Position:**

None

**Defendant Regal Stone's Position:**

Defendants assert that this case must be consolidated with *United States v. Regal Stone, Ltd. et al.*, No. 3:08-06045 and intends to bring an appropriate motion. Defendants also request that the liability phase of litigation is suspended until the conclusion of Pilot John J. Cota's criminal proceedings.

Regal Stone alerts the Court to legal issues involving the State's Eleventh Amendment waiver by initiating this action. Moreover, Regal Stone asserts that the State cannot split causes of action and must bring all claims arising out of the same transaction and occurrence in this same action.

XVI. EXPEDITEED SCHEDULE

Not applicable.

## XVII. SCHEDULING

See above.

## XVIII. TRIAL

The parties intend to propose a phase approach to litigation. It is premature to give an estimate of the length for trial at this point given the current criminal proceeding and request for stay due to the criminal proceeding. The parties have not reached agreement on whether the case could and/or would be tried to a jury or to the Court. Regal Stone and Fleet Management seek a jury trial.

## XIX. CONCLUSION

The parties agree that this case should be stayed pending the completion of the criminal proceedings brought by the United States against Pilot John J. Cota.

Dated: _____     KEESAL, YOUNG & LOGAN


/s/ John Giffin
By: JOHN GIFFIN
JOHN D. GIFFIN
JOSEPH A. WALSH, II
JOHN C. COX
NICOLE S. BUSSI


Attorneys for Defendants
REGAL STONE LIMITED, and M/V COSCO BUSAN, *in rem*

Dated: _____     STATE OF CALIFORNIA


___/s/ Patrick Petersen_____
PATRICK PETERSEN




/s/ John Giffin
JOHN D. GIFFIN
JOSEPH A. WALSH II
GORDON C. YOUNG
Attorneys for REGAL STONE, LTD.,
FLEET MANAGEMENT, LTD.
*in personam,* M/V COSCO BUSAN *in rem*

KYL_SF464250

**[PROPOSED] ORDER**

The Court, having reviewed the foregoing Proposed Case Management Plan hereby ORDERS that the schedules and agreements as proposed by the United States as set forth therein are entered as the Case Management Order for this action.

IT IS SO ORDERED.

DATED: _____           _____
                                   UNITED STATES DISTRICT JUDGE