1   JOHN D. GIFFIN, CASB No. 89608
    john.giffin@kyl.com
2   JOSEPH A. WALSH II, CASB No. 143694
    joe.walsh@kyl.com
3   NICOLE S. BUSSI, CASB No. 252763
    nicole.bussi@kyl.com
4   KEESAL, YOUNG & LOGAN
    A Professional Corporation
5   450 Pacific Ave.
    San Francisco, California  94133
6   Telephone:   (415) 398-6000
    Facsimile:    (415) 981-0136
7
    Attorneys for Defendant and Counter-Claimant
8   REGAL STONE LIMITED

9            UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11  THE PEOPLE OF THE STATE OF          ) Case No. IN ADMIRALTY 2268 EMC
    CALIFORNIA, acting by and through the )
12  Department of Transportation,        )
                                         ) **FIRST AMENDED ANSWER TO**
13                         Plaintiff,    ) **COMPLAINT FOR ALLISION**
                                         ) **DAMAGE, AFFIRMATIVE DEFENSES**
14              vs.                      ) **AND COUNTERCLAIM AGAINST THE**
                                         ) **PEOPLE OF THE STATE OF**
15  REGAL STONE, LIMITED., HANJIN        ) **CALIFORNIA**
    SHIPPING CO., LTD., CONTI CAIRO KG,  )
16  NSB NEIDERELBE SYNERGY               )
    MARITIME, LTD., *In Personam*; M/V   )
17  COSCO BUSAN, their engines, tackle,  ) *Jury Trial Demanded*
    equipment, appurtenances, freights, and )
18  cargo *In Rem*,                      )
                                         )
19                         Defendants.   )
    REGAL STONE LIMITED,                 )
20                                       )
                        Counter-Claimant, )
21                                       )
                vs.                      )
22                                       )
    THE PEOPLE OF THE STATE OF           )
23  CALIFORNIA,                          )
                    Counter-Defendant.   )
24                                       )
                                         )
25                                       )
                                         )
26  ──────────────────────────           )

27

28                          - 1 -
                                              KYL_SF465569

1             Defendant REGAL STONE LIMITED ("Regal Stone") responds to Plaintiff's

2 Complaint as follows:

3             1.     In response to Plaintiff's un-numbered Paragraphs titled

4 "Jurisdiction and Venue," Regal Stone admits that this Court has subject matter

5 jurisdiction over Plaintiff's claims.

6             2.     Regal Stone admits that venue in this Court is proper. Regal Stone

7 has insufficient information and belief concerning Plaintiff's allegations concerning the

8 ownership of the highway bridge in the Counties of Alameda and San Francisco known

9 as the San Francisco-Oakland Bay Bridge, and therefore based upon its lack of

10 information and belief, denies in their entirety, all further allegations contained therein.

11             3.     In response to Plaintiff's numbered paragraphs, Regal Stone

12 responds as follows:

13             4.     Regal Stone denies in their entirety those allegations contained in

14 Paragraphs 3, 4, 7, 9 and 10 of Plaintiff's Complaint.

15             5.     In response to Paragraph 1 of Plaintiff's Complaint, Regal Stone

16 admits that the Plaintiff is a sovereign state of the United States. Regal Stone has

17 insufficient information to admit or deny the remaining allegations in Paragraph 1 of

18 Plaintiff's Complaint and therefore based upon its lack of information and belief, denies

19 those allegations in their entirety.

20             6.     In response to Paragraph 2 of Plaintiff's Complaint, Regal Stone

21 admits that the COSCO BUSAN was, on November 7, 2007, a vessel engaged in

22 transporting freight in international commerce. All other allegations contained therein

23 are denied in their entirety.

24             7.     In response to Paragraph 5 of Plaintiff's Complaint, Regal Stone

25 admits that it is a Hong Kong based company and was, on or about November 7, 2007

26 and at all times relevant hereto, the owner of the vessel M/V COSCO BUSAN. All other

27 allegations contained therein are denied in their entirety.

28

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

8.    In response to Paragraph 6 of Plaintiff's Complaint, Regal Stone admits that Hanjin Shipping Co., Ltd. charters the COSCO BUSAN from Defendant Regal Stone. Regal Stone has insufficient information to respond to additional allegations contained in Paragraph 6 and therefore based upon its lack of information and belief denies those allegations in their entirety.

9.    In response to Paragraph 8 of Plaintiff's Complaint, Regal Stone admits that on November 7, 2007, the COSCO BUSAN allided with the San Francisco-Oakland Bay Bridge, causing damage to the bridge. All other allegations contained therein are denied in their entirety.

10.    In response to Paragraph 11 of Plaintiff's Complaint, Regal Stone admits that by reason of the allision alleged in Plaintiff's Complaint, certain damages were sustained, including, among others, damages involving the repair of the bridge. Regal Stone has insufficient information to respond to further allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore based upon its lack of information and belief denies those allegations in their entirety.

11.    In response to Paragraph 12 of Plaintiff's Complaint, Regal Stone admits that the Court has subject matter jurisdiction over Plaintiff's claims. All other allegations contained therein are denied in their entirety.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, and as separate and distinct affirmative defenses, Defendant alleges the following defenses:

12.    AS A FIRST, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges that the Complaint and each and every allegation therein, fails to state a claim upon which relief may be granted.

13.    AS A SECOND, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN ADMIRALTY 2268 EMC

1    14.    AS A THIRD, SEPARATE. DISTINCT, AFFIRMATIVE DEFENSE

2    to the Complaint, Defendant alleges that Defendants Regal Stone and the M/V COSCO

3    BUSAN are entitled to limitation under 46 USC § 183 for Plaintiff's common law causes

4    of action and non-Oil Pollution Act of 1990 claims and/or non-Lempert-Keene Seastrand

5    Oil Spill Prevention Act claims.

6    15.    AS A FOURTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE

7    to the Complaint, Defendant is informed and believes and thereon alleges that, by

8    exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages

9    allegedly suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse,

10    to exercise efforts to mitigate its damages, and therefore Plaintiff's recovery, if any, must

11    be barred or diminished accordingly.

12    16.    AS A FIFTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to

13    the Complaint, Defendant alleges that the alleged damages for which Plaintiff seeks to

14    hold Defendants liable resulted in whole or in part from the negligent, deliberate,

15    intentional, reckless, and/or unlawful acts or omissions of third parties, and Defendants

16    are not responsible for or liable to Plaintiff for any such acts or omissions on the part of

17    third parties.

18    17.    AS A SIXTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to

19    the Complaint, Defendant alleges that Plaintiff has failed to join all indispensable

20    parties.

21    18.    AS A SEVENTH, SEPARATE, DISTINCT, AFFIRMATIVE

22    DEFENSE to the Complaint, Defendant alleges the Defendant is entitled to recoupment

23    and/or setoff against any recovery that may be awarded in favor of Plaintiff.

24    19.    AS AN EIGHTH, SEPARATE, DISTINCT, AFFIRMATIVE

25    DEFENSE to the Complaint, Defendant alleges the Defendant is entitled to indemnity

26    and/or contribution against any recovery that may be awarded in favor of Plaintiff.

27    20.    AS A NINTH, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE

28

- 4 -

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

1    to the Complaint, Defendant alleges that Plaintiff's damages must be reduced under the

2    "new for old" doctrine.

3           21.    AS A Tenth, SEPARATE, DISTINCT, AFFIRMATIVE DEFENSE to

4    the Complaint, Defendant reserves the right to assert additional affirmative defenses.

5

6                          **COUNTER-CLAIM**

7    Regal Stone alleges the following for its counterclaim:

8           22.    The Court has jurisdiction over these counterclaims pursuant to 28

9    U.S.C. § 1331 and 28 U.S.C. § 1367. Alternatively, the Court has jurisdiction over these

10   counterclaims pursuant to 28 U.S.C. § 1333.

11          23.    The State of California is a sovereign state of the United States.

12          24.    Regal Stone was, on or about November 7, 2007 and at all times

13   relevant hereto, the owner of the vessel M/V COSCO BUSAN ("COSCO BUSAN"). The

14   COSCO BUSAN is a vessel in excess of 300 gross tons.

15          25.    The State of California compels every vessel over 300 gross tons

16   scheduled to maneuver in the waters inside the Golden Gate Bridge to be piloted by a

17   United States Coast Guard and State of California licensed San Francisco Bar Pilot.

18   This is known as compulsory pilotage.

19          26.    John J. Cota ("Pilot Cota") boarded the COSCO BUSAN as a

20   compulsory pilot on November 7, 2007 as required by California law, and navigated the

21   vessel west from the Port of Oakland towards the San Francisco-Oakland Bay Bridge.

22          27.    Under Pilot Cota's compulsory pilotage, the COSCO BUSAN allided

23   with the western span of the Bridge resulting in a 200 foot long tear in the hull of the

24   ship and a spill of approximately 53,000 gallons of fuel oil in the San Francisco Bay (the

25   "Incident"). Regal Stone, as the owner of the vessel, was designated the Responsible

26   Party by the United States under the Oil Pollution Act of 1990 ("OPA '90") and by the

27   State of California, Office of Spill Prevention and Response.

28

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

28.    As a result of being designated the Responsible Party, Regal Stone has been required to, among other things, pay for all removal costs for the November 7, 2007 oil spill as well as all other damages, disbursements and costs relating to that incident including, but not limited to: the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and expenses, loss of use, response costs and cleanup expenses,  consultants' and specialist fees, natural resource damages, assessment costs, third party claims, claims by municipalities and government agencies and/or class action lawsuits, litigation costs, attorneys fees and civil penalties.  The complete costs and damages are undetermined at this time, but will be ascertainable once the cleanup, response, natural resource damage assessment and litigation are completed, but are expected to be in excess of $60,000,000.

29.    Section 1100 of the California Harbors and Navigation Code ("the Code") states that it is the policy of the State of California to ensure the safety of persons, vessels and property using San Francisco Bay and to avoid damage to such waters and surrounding ecosystems as a result of vessel collision or damage, by providing competent, efficient and regulated pilotage for vessels.  Section 1101 of the Code provides that the legislature finds and declares that "a program of pilot regulation and licensing is necessary in order to ascertain and guarantee the qualifications, fitness and reliability of qualified personnel who can provide safe pilotage entering and using the bays of San Francisco. . . ."

30.    Section 1171.5 of the Code directs the State of California, acting by and through the Board of Pilot Commissioners for the Bays of San Francisco, San Pablo and Suisan ("Board of Pilot Commissioners"), to adopt standards that are equal to or exceed standards for obtaining federal endorsements, and that conform with and support the state policy specified in sections 1100 and 1101, referred to above.  It also requires the Board of Pilot Commissioners to adopt rules and regulations that "require pilots to be qualified to perform all pilot duties."

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN ADMIRALTY 2268 EMC

31.    Section 1175 of the Code provides that "No person shall be licensed as a pilot unless . . . the person is of good mental and physical health. . . ."

32.    Section 1176 of the Code further provides that "pilots . . . shall undergo physical examinations in accordance with standards prescribed by the Board in conjunction with the renewal of their license.  The examination shall designate that each pilot or inland pilot is fit to perform his or her duties as a pilot."

33.    The Board of Pilots has adopted regulations, published in Title 7 of the California Code of Regulations.  Section 217 of Title 7 addresses medical examinations of pilots.  It provides that an applicant for the renewal of a pilot license "shall be medically examined prior to . . . the renewal of his license."

34.    In 2006 and 2007, prior to the oil spill, Pilot Cota disclosed medical conditions and his use of medications that rendered him unfit for duty, medically disqualified and prone to periods of lack of situational awareness.

35.    The Board of Pilot Commissioners knew or should have known Pilot Cota's disclosures, medical history and/or medical condition prior to the incident.

36.    The Board of Pilot Commissioners was negligent in employing, licensing, training and supervising Pilot Cota, insofar as it failed to determine that Pilot Cota was not medically fit for duty pursuant to the applicable regulations. Specifically, despite Pilot Cota's medical history and medical condition prior to the accident, the Board of Pilot Commissioners failed to revoke his license and instead granted him an annual renewal.

37.    In addition to the duty to ensure the medical fitness of pilots, the Board of Pilot Commissioners also has a duty to investigate pilot incidents and, when appropriate, to discipline pilots, including suspension and revocation of pilotage licenses.

38.    California Harbors & Navigation Code Division 5, Chapter 2, Section 1171.5 directs the Board of Pilot Commissioners to adopt "reasonable rules and

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

1    regulations that require pilots to be qualified to perform all pilot duties."

2        39.    California Harbors & Navigation Code Division 5, Chapter 2, Section

3    Section 1181 provides the Board of Pilot Commissioners with the authority to revoke or

4    suspend a license for, among other things, "negligently, ignorantly or willfully running

5    any vessel on shore or otherwise rendering it liable to damage..." and/or a pilot's

6    "inability to comply with the standards of health or physical condition requisite to the

7    duties of a pilot...."

8        40.    Regal Stone is informed and believes that in or about 2004, Pilot

9    Cota was investigated by the Board of Pilot Commissioners for acting enraged and

10    irrational while piloting a United States Navy Warship.  The Board of Pilot

11    Commissioners found Pilot Cota to be experiencing a "medical" issue requiring

12    independent psychological evaluation.

13        41.    Regal Stone is informed and believes that in February 2006, Pilot

14    Cota was responsible for the grounding of a vessel, which the Board of Pilot

15    Commissioners founds to be caused by a lack of "situational awareness."

16        42.    Regal Stone is informed and believes that the Board of Pilot

17    Commissioners was on notice that Pilot Cota lacked the requisite skill, was unable to

18    comply with the standards requisite to the duties of a pilot, was incompetent, unreliable,

19    medically and/or mentally unfit or otherwise unqualified to provide safe pilotage based

20    on a series of other incidents, mishaps, near misses and other reports of pilotage errors,

21    including, but not limited to, those set forth above.

22        43.    The Board of Pilot Commissioners was negligent in employing,

23    licensing, training and supervising Pilot Cota, insofar as it failed to exercise due care in

24    properly investigating incidents involving Pilot Cota.

25        44.    The Board of Pilot Commissioners was negligent in employing,

26    licensing, training and supervising Pilot Cota, insofar as it failed to exercise due care in

27    exercising its statutory authority in response to incidents involving Pilot Cota.

28

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

45.     The State of California, acting by and through the Board of Pilot Commissioners, by failing to properly employ, license, train and supervise Pilot Cota, created a dangerous condition which proximately caused the allision of the COSCO BUSAN with the San Francisco-Oakland Bay Bridge on or about November 7, 2007.

46.     The State of California owed a duty to Defendant and Counter-Complainant Regal Stone to ensure that Pilot Cota was properly employed, trained, licensed and supervised and that Pilot Cota's employment, training, licensing and supervision did not create a dangerous condition.

47.     The State of California owed a duty to Regal Stone to ensure that Pilot Cota was properly employed, trained, licensed and supervised so that, on or about November 7, 2007, he would properly and safely pilot the COSCO BUSAN.

48.     The State of California owed a duty to Regal Stone to properly investigate Pilot Cota's prior accidents and incidents, and to assess whether Cota was physically fit to pilot vessels.

49.     The State of California hired doctors to examine pilots annually and to report to the State whether they were fit to perform their duties.  The state was negligent in the selection of such doctors, and in the training of such doctors to certify that pilots were fit to perform their duties.

50.     The State of California hired doctors, psychiatrists, and health care professionals to examine pilots annually and to report to the State whether they were fit to perform their duties.  The doctors acted as agents of the state in performing these examinations.  The doctors who examined Pilot Cota and certified that he was fit to perform his duties as a pilot was negligent in his examination and certification.

51.     Regal Stone relied on Counter-Defendant to properly employ, train, license and supervise Pilot Cota.

52.     The State of California breached such duties by failing to properly employ, train, license and supervise Pilot Cota, and as a result of such breach caused

KYL_SF462464

1  damage to the COSCO BUSAN, and to Regal Stone, in the form of, but not limited to,

2  the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages

3  and expenses, loss of use, response costs and clean-up costs, consultant and specialist

4  fees, natural resource damages, assessment costs, costs to pay third-party claims, claims

5  by municipalities and government agencies and/or class action lawsuits, litigation costs,

6  attorneys' fees and civil penalties.  The complete cost and damages are undetermined at

7  this time but are believed to be in excess of $60,000,000.

8          53.    Defendant's counter-claims arise out of the same transactions or

9  occurrences upon which Plaintiff bases its claim against Regal Stone.

## FIRST COUNTER-CLAIM

[Setoff]

12          54.    Regal Stone realleges and incorporates by reference each and every

13  allegation contained in paragraph 22 through 53, inclusive, as though set forth therein.

14          55.    Regal Stone was designated the Responsible Party for the Incident

15  and is obligated to pay costs associated with the oil spill, including but not limited to: the

16  cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and

17  expenses, loss of use, response costs and cleanup expenses,  consultants' and specialist

18  fees, natural resource damages, assessment costs, third party claims, claims by

19  municipalities and government agencies and/or class action lawsuits, litigation costs,

20  attorneys fees, civil penalties.

21          56.    The Incident was the result of the wrongful conduct of the State of

22  California in failing to use due care in its licensing, supervision and training of Pilot

23  Cota.

24          57.    Regal Stone is entitled to a setoff from the State of California for any

25  amounts or damages it paid or will pay as a result of the Incident.

26

27

28

- 10 -

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

## SECOND COUNTER-CLAIM

### [Recoupment]

58.    Regal Stone realleges and incorporates by reference each and every allegation contained in paragraph 22 through 57 inclusive, as though set forth therein.

59.    Regal Stone was designated the Responsible Party for the Incident and is obligated to pay costs associated with the oil spill, including but not limited to: the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and expenses, loss of use, response costs and cleanup expenses, consultants' and specialist fees, natural resource damages, assessment costs, third party claims, claims by municipalities and government agencies and/or class action lawsuits, litigation costs, attorneys fees, civil penalties.

60.    The Incident was the result of the wrongful conduct of the State of California in failing to use due care in its licensing, supervision and training of Pilot Cota.

61.    Regal Stone is entitled to recoup from the State of California any amounts or damages it paid or will pay as a result of the Incident.

## THIRD COUNTER-CLAIM

### [Indemnity]

62.    Regal Stone realleges and incorporates by reference each and every allegation contained in paragraph 22 through 61, inclusive, as though set forth therein.

63.    Regal Stone was designated the Responsible Party for the Incident and is obligated to pay costs associated with the oil spill, including but not limited to: the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and expenses, loss of use, response costs and cleanup expenses, consultants' and specialist fees, natural resource damages, assessment costs, third party claims, claims by municipalities and government agencies and/or class action lawsuits, litigation costs, attorneys fees, civil penalties.

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN ADMIRALTY 2268 EMC

1    64.    The Incident was the result of the wrongful conduct of the State of

2    California in failing to use due care in its licensing, supervision and training of Pilot

3    Cota.

4    65.    Regal Stone is entitled to indemnification from the State of

5    California for any amount or damages it paid or will pay as a result of the Incident.

6    **FOURTH COUNTER-CLAIM**

7    [Contribution]

8    66.    Regal Stone realleges and incorporates by reference each and every

9    allegation contained in paragraph 22 through 67, inclusive, as though set forth therein.

10    67.    Regal Stone was designated the Responsible Party for the Incident

11    and is obligated to pay costs associated with the oil spill, including but not limited to: the

12    cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and

13    expenses, loss of use, response costs and cleanup expenses,  consultants' and specialist

14    fees, natural resource damages, assessment costs, third party claims, claims by

15    municipalities and government agencies and/or class action lawsuits, litigation costs,

16    attorneys fees, civil penalties.

17    68.    The Incident was the result of the wrongful conduct of the State of

18    California in failing to use due care in its licensing, supervision and training of Pilot

19    Cota.

20    69.    Regal Stone is entitled to contribution pursuant to 33 U.S.C. § 2709

21    and general maritime law for any removal costs and/or damages it paid or will pay as a

22    result of the Incident from the State of California under federal and/or state law,

23    including, but not limited to, OPA '90 (33 U.S.C. § 2701 *et seq.*) and the Lempert Keene

24    Seastrand Oil Prevention and Response Act (Cal. Govt. Code § 8670 *et seq*).

25

26

27

28

- 12 -

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

## FIFTH COUNTER-CLAIM

[Negligence/Negligence *Per Se*
California Government Code §§ 815.2 and 815.4]

70.   Regal Stone realleges and incorporates by reference each and every allegation contained in paragraph 22 through 69, inclusive, as though set forth therein.

71.   The State of California has a duty to ensure that any San Francisco Bar Pilot appointed to navigate a vessel is properly licensed, trained, and supervised.

72.   The State of California breached its duty to ensure that Pilot Cota was properly licensed, trained, and supervised.

73.   The State of California's breach of this duty proximately caused the allision between the COSCO BUSAN and the San Francisco-Oakland Bay Bridge which resulted in the Incident.

74.   Regal Stone has incurred damages as a result of the State of California's negligence including, but not limited to: the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and expenses, loss of use, response costs and cleanup expenses, consultants' and specialist fees, natural resource damages, assessment costs, third party claims, claims by municipalities and government agencies and/or class action lawsuits, litigation costs, attorneys fees, civil penalties.

## SIXTH COUNTER-CLAIM

[Failure to Discharge Mandatory Duty
California Government Code § 815.6]

75.   Regal Stone realleges and incorporates by reference each and every allegation contained in paragraph 22 through 74, inclusive, as though set forth therein.

76.   The Board of Pilot Commissioners, as an agency of the State of California, is under a mandatory duty imposed by the California Harbors and Navigation Code §§ 1154 *et. seq.* to properly license, train, and supervise all San Francisco Bar Pilots.

- 13 -

KYL_SF462464

77.    The Board of Pilot Commissioners failed to discharge its duties and improperly licensed, trained, and supervised Pilot Cota.

78.    Regal Stone has incurred damages as a result of the State of California's failure to discharge its duties including, but not limited to: the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and expenses, loss of use, response costs and cleanup expenses, consultants' and specialist fees, natural resource damages, assessment costs, third party claims, claims by municipalities and government agencies and/or class action lawsuits, litigation costs, attorneys fees, civil penalties.

## SEVENTH COUNTER-CLAIM

### [Breach of Trust]

79.    Regal Stone realleges and incorporates by reference each and every allegation contained in paragraph 22 through 78, inclusive, as though set forth therein.

80.    The Board of Pilot Commissioners is required by California Harbors and Navigation Code §§ 1154 *et. seq* to properly train, license, and supervise San Francisco Bar Pilots to ensure the safety of public.

81.    This requirement creates a public trust in the State of California to exercise its duties with due care and to avoid violating any duty or guaranty the State of California has made to the public.

82.    The Board of Pilot Commissioners, by negligently training, supervising, and licensing Pilot Cota, failed in its obligation to exercise its duties with due care and breached its duty of guaranty and duty of warranty and as a result caused harm to the public's trust.

83.    Regal Stone has incurred damages as a result of the State of California's breach of trust including, but not limited to: the cost to repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and expenses, loss of use, response costs and cleanup expenses, consultants' and specialist fees, natural resource

- 14 -

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN ADMIRALTY 2268 EMC

1    damages, assessment costs, third party claims, claims by municipalities and government

2    agencies and/or class action lawsuits, litigation costs, attorneys fees, civil penalties.

## EIGHTH COUNTER-CLAIM

[Dangerous Condition of Public Property
California Government Code § 835]

84.    Regal Stone realleges and incorporates by reference each and every
allegation contained in paragraph 22 through 83, inclusive, as though set forth therein.

85.    The State of California knowingly and unreasonably created a
dangerous condition by its acts and omissions related to the improper licensing, training,
and supervision of Pilot Cota.

86.    The San Francisco Bay is a public property.

87.    Pilot Cota was medically unfit to navigate the COSCO BUSAN and
the State of California created an unsafe condition in the San Francisco Bay when it
directed Pilot Cota to navigate Regal Stone's vessel.

88.    Pilot Cota's history of prior pilot incidents rendered him unfit for
pilotage and the State of California created an unsafe condition in the San Francisco
Bay when it directed Pilot Cota to navigate Regal Stone's vessel.

89.    Regal Stone has incurred damages as a result of the State of
California's creation of a dangerous condition including, but not limited to: the cost to
repair the COSCO BUSAN, loss of hire, port fees and expenses, crew wages and
expenses, loss of use, response costs and cleanup expenses,  consultants' and specialist
fees, natural resource damages, assessment costs, third party claims, claims by
municipalities and government agencies and/or class action lawsuits, litigation costs,
attorneys fees, civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counter-Claimant Regal Stone prays for the
following relief:

1. That the State of California's claim be denied in its entirety;

- 15 -

KYL_SF462464

ANSWER TO COMPLAINT FOR ALLISION DAMAGE, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM AGAINST THE PEOPLE OF THE STATE OF CALIFORNIA - Case No. IN
ADMIRALTY 2268 EMC

1      2. That any recovery by the State of California be decreased pursuant to

2 the remedies of set-off and recoupment;

3      3. That Counter-Claimant recover its damages from the State of California;

4      4. That Regal Stone be awarded its costs and fees in defending this action;

5      5. For all other relief to which Regal Stone is entitled at law or in equity.

6 **JURY DEMAND**

7      Defendant demands trial by jury of all issues in this action.

8

9

10

11 DATED: August __, 2008

               /s/ Joe Walsh

               JOHN D. GIFFIN

12                JOSEPH A. WALSH II

               NICOLE S. BUSSI

13                KEESAL, YOUNG & LOGAN

               ATTORNEYS FOR DEFENDANT

14                REGAL STONE LIMITED

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

                                                               KYL_SF462464